COMMONWEALTH *vs.* MARRIGAN MAGAROSIAN.

Middlesex.     October 21, 1927. — November 21, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Motor Vehicle,* Operation: scope of license.     *Registrar of Motor Vehicles. License.*

If one, who has a license restricted to the operation of a motor vehicle described as a "truck," operates a touring car on a public way, he properly may be found guilty of operating an automobile on a public way without a license from the registrar of motor vehicles.

COMPLAINT, received and sworn to in the Third District Court of Eastern Middlesex on August 1, 1927, charging that the defendant "did operate an automobile on a public way in said Cambridge without a license from the registrar of motor vehicles."

On appeal to the Superior Court, the complaint was tried before *Williams,* J., upon an agreed statement of facts. The judge refused to order a verdict of not guilty and ruled "that upon the complaint and the agreed statement of facts the defendant was guilty." The defendant was found guilty and alleged exceptions.

*C. W. Rowley,* for the defendant.

*R. T. Bushnell,* District Attorney, *& F. A. Crafts,* Assistant District Attorney, for the Commonwealth, submitted a brief.

SANDERSON, J.    The defendant was convicted of the crime of operating an automobile on a public way without a license

from the registrar of motor vehicles. The case was tried on an agreed statement of facts, from which it appeared that the defendant was operating a touring car on a public way and that the only license he had with him was one to operate motor vehicles in accordance with the laws of Massachusetts, "subject to any restriction checked on reverse side of this license." On the reverse side was printed: "You are restricted to operating motor vehicles of the kind or type of transmission checked below." Then followed a check against the word "Trucks." The only question presented is, whether the defendant, whose license was restricted to operating motor vehicles of the type of trucks was upon the facts guilty of the crime charged.

A license to operate motor vehicles may contain "special restrictions and limitations concerning the type of motor, horse power, design and other features of the motor vehicles which the licensee may operate. . . . A person to whom a license to operate motor vehicles has been issued, unless such license contains a special limitation or restriction, may operate any registered motor vehicle." ,G. L. c. 90, § 8; St. 1923, c. 464, § 3. It is provided in G. L. c. 90, § 10, that "No person shall operate a motor vehicle upon any way unless licensed under this chapter," with certain exceptions not material to this decision. Section 11 requires every person operating a motor vehicle to have his license to operate upon his person or in the vehicle. There is a well recognized difference between a touring car and a truck in the ordinary use of those words. In the statutes a truck is recognized and referred to as a distinct kind of motor vehicle with special provisions for its registration and equipment. G. L. c. 90, §§ 2, 7, 19, 33; St. 1922, c. 342, § 2.

The authority of the registrar of motor vehicles to restrict the licensee as to the kind of motor vehicle he may operate is clear, and the defendant had no right to operate any motor vehicle upon a public way unless it was of a kind authorized by his license. The complaint sufficiently charges the offence. Upon the agreed facts the defendant was properly convicted.

*Exceptions overruled.*